UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| WILLIAM H. BOYD-RADFORD, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | CAUSE NO.: 2:10-CV-369-TLS |
| MARIO PADILLA and COSTCO WHOLESALE, | ) |  |
| Defendants. | ) |  |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss [ECF No. 9], filed by Defendant Mario Padilla on December 22, 2010. This Motion is ripe for ruling.

On September 21, 2010, the Plaintiff, who is proceeding pro se in this matter, filed an Employment Discrimination Complaint [ECF No. 1]. Attached to his Complaint are a Dismissal and Notice of Rights from the United States Equal Employment Opportunity Commission and his Charge of Discrimination. The Plaintiff brought this lawsuit pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, and he named Mario Padilla and Costco Wholesale as Defendants. On December 22, Defendant Padilla filed his Motion to Dismiss [ECF No. 9], a Memorandum of Law in Support [ECF No. 10], and a Declaration of Mario Padilla in Support [ECF No. 12]. On the same date, Defendant Costco Wholesale, which is properly known as Costco Wholesale Corporation, filed an Answer and Affirmative Defenses. As of the date of this Opinion and Order, the Plaintiff has not responded or otherwise opposed the Motion to Dismiss.

Defendant Padilla has moved to dismiss the Plaintiff's ADA claim against him pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim because the ADA does not provide for individual liability. A motion to dismiss pursuant to Rule 12(b)(6) tests the

sufficiency of the complaint, not the merits of the case. In considering motions to dismiss for failure to state a claim, "[courts] construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). In considering the Defendant's Motion to Dismiss and the Plaintiff's Complaint, the Court is mindful that "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, even as a pro se litigant, the Plaintiff is required to follow the Federal Rules of Civil Procedure and the District Court's Local Rules, and he is not excused from complying with his responsibilities as a litigant. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (stating that while "courts are required to give liberal construction to pro se pleadings . . . [,] it is also well established that pro se litigants are not excused from compliance with procedural rules"); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (stating that "the Supreme Court has made clear that even pro se litigants must follow rules of civil procedure").

Defendant Padilla is correct that the ADA does not provide for individual liability and that the Plaintiff's ADA claim against him should be dismissed pursuant to Rule 12(b)(6) because he, as an individual, is not within the definition of "employer" and cannot be held liable under the ADA. The Seventh Circuit has held that the ADA was meant to impose respondeat superior liability on an employer for the acts of its agents and not liability on individuals. *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279, 1281 (7th Cir. 1995); *see also Silk v. City of Chi.*, 194 F.3d 788, 797 n.5 (7th Cir. 1999) ("[T]he ADA provides only for employer, not

individual, liability. Our case law is clear that a supervisor cannot be held liable in his individual capacity under the ADA or under Title VII."). Consequently, the Court will dismiss with prejudice the Plaintiff's ADA claim against Defendant Padilla.[1]

For the foregoing reasons, the Court GRANTS Defendant Padilla's Motion to Dismiss [ECF No. 9] and ORDERS the Clerk of this Court to DISMISS WITH PREJUDICE the Plaintiff's ADA claim against Defendant Mario Padilla. The Plaintiff's ADA claim against Defendant Costco Wholesale remains pending.

SO ORDERED on February 22, 2011.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION

---

[1] Defendant Padilla has also asked the Court to dismiss any claims against him for lack of personal jurisdiction pursuant to Rule 12(b)(2). The Plaintiff bears the burden of establishing personal jurisdiction if it is challenged, and when the issue is raised by a motion to dismiss and decided on the basis of written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). In this case, the Complaint is completely lacking in factual allegations regarding Defendant Padilla (let alone jurisdictional facts), and the Plaintiff has not responded to or otherwise opposed Defendant Padilla's Motion to Dismiss, which includes a Declaration of Mario Padilla that shows a lack of contacts with the state of Indiana. The only claim currently pending against Defendant Padilla is the ADA claim that the Court will dismiss pursuant to Rule 12(b)(6), and as a consequence it is unnecessary for the Court to reach the personal jurisdiction issue. Nevertheless, the Court notes that the Plaintiff has failed to meet his burden of establishing personal jurisdiction.